## IN RE CREATION OF NEW SCHOOL DISTRICT FROM NO. 38, TRAVERSE COUNTY.
### H. F. ZIMMERMAN AND OTHERS, APPELLANTS.[1]

No. 27,609.

December 13, 1929.

[1]Reported in 228 N. W. 168.

*Houston & Huber,* for appellants.
*Murphy & Johanson,* for Paul Walker, respondent.

WILSON, C. J.

Appellants, being three of several petitioners for the creation of a new school district, have appealed from an order of the district court vacating an order of the county commissioners establishing such school district and dismissing the proceedings.

The petition and order of the county board show that the purpose was to create and form a new school district from territory wholly within school district No. 38 in Traverse county. Pursuant to the petition the county board made an order making the north half of district No. 38 a new district to be known as common school district No. 61 of Traverse county. It ordered also that school district No. 38 should thereafter consist of the south half of the said school district as it had theretofore existed. The schoolhouse in the old district was located in the north half thereof. The order provided that the new district, No. 61, would get the schoolhouse but should pay one-half the value thereof to the old district.

G. S. 1923 (1 Mason, 1927) § 2748, provides that "no change in the boundaries of a district by organization of a new district or otherwise shall be made, so as to leave the old district without at least one schoolhouse used for school purposes," etc. This was *just* what was done. It was contrary to the statute. It was beyond the jurisdiction of the county board to make such an order. It was void. The respondent herein appealed therefrom, and the court made the order first above mentioned from which the appeal was taken to this court.

Affirmed.

UPON APPLICATION FOR REARGUMENT.

On January 10, 1930, the following opinion was filed:

WILSON, C. J.

In the petition for reargument, which is denied, it is made to appear that we were in error in stating that "the new district No. 61 would get the schoolhouse but should pay one-half the value thereof to the old district." The order did provide that district No. 38 would own the schoolhouse and it must pay $250 to district No. 61. Our misstatement does not change the result. We construe the order requiring the old district to pay $250 to the new district and owning a building outside of its own territory to be a violation of the statute. The statute contemplates that the old district shall have a schoolhouse ready to hold school. To construct a foundation and remove the building from the new district to such foundation and incidental adjustments and repairs may be as troublesome and inconvenient as the building of a new building.

